## Ford, Appellant, v. Hubbard & Company.

*Negligence—Master and servant — Contributory negligence — Workman oiling machine—Absence of guard on cog wheels—Judgment non obstante—Act of May 2, 1905, P. L. 352.*

In an action by an employee against his employer for injuries received while engaged in oiling a roller shearing machine, which was under his immediate direction, through having his sleeve caught in cog wheels, with the result that his hand was drawn into the machine, it appeared that the plaintiff at the time of the accident was thirty-six years old and that he had operated the machine at which he was injured for six years immediately preceding the accident. During the last two years the machine had been supplied with a wooden box guard which enclosed the cogs, the guard being a box cover fitting over the cogs and readily lifted off or on, with an unfastened top which could be removed when oiling was required. A short time before the accident the defendant company moved part of its machinery, including the shearer, into a new plant. The plaintiff was entrusted with the duty of supervising the moving and installing of his own machine in the new plant. He put the machine in the place provided, upon a foundation which he himself had prepared, but did not put in place the guard, though it had been carried over to the new plant, giving as a reason that he did not think it would fit the machine on its new foundation. He testified that he expressed this opinion to the superintendent, who told him that he would get him a steel guard. The plaintiff continued to work at the machine for ten days thereafter without attempting to adjust the guard to the machine, which could have been done by sawing off a few inches from the sides resting on the foundation. The jury found a verdict for the plaintiff. *Held,* that judgment non obstante veredicto was properly entered for the defendant.

Argued November 4, 1913. Appeal, No. 247, Oct. T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., May T., 1911, No. 572, for defendant non obstante veredicto in the case of Michael Ford v. Hubbard & Company, a corporation. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000. Judgment was subsequently entered for the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment for the defendant non obstante veredicto.

*Walter P. Rainbow,* with him *Thos. M.* and *Rody P. Marshall,* for appellant.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

The plaintiff, a workman in the employ of the defendant company, was injured while engaged in oiling a roller shearing machine which was under his immediate direction. His sleeve caught in the cogwheels with the result that his hand was drawn into the machine and he was seriously maimed. The action was brought to recover damages, and the negligence alleged was failure of the defendant company to comply with the Act of May 2, 1905, P. L. 352, requiring that machines such as this should be properly guarded. Plaintiff at the time of the accident was thirty-six years old, and he had operated the machine at which he was injured for six years immediately preceding the accident. During the last two years the machine had been supplied with a wooden box

guard which enclosed the cogs. This guard was nothing more than a box cover which fitted over the cogs, readily lifted off or on, with an unfastened top which could be removed when oiling was required. Its sufficiency for the purpose it was used was not questioned. A short time before the accident the defendant company moved part of its machinery, including the shearer at which plaintiff worked, into a new plant nearby. To the plaintiff was committed the duty of supervising the moving and installing of his own machine in the new plant. He put the machine in the place provided, upon a foundation which he himself had prepared. He did not, however, put in place the guard which belonged to the machine, though it as well had been carried over to the new plant, and was there in the shop with him. The reason he gave for not using it was that it had been made for the machine when the latter rested on a concrete foundation, and he was of opinion that it would not fit the machine now that it rested on a foundation of timber. He made no effort to adjust it, but expressed this opinion to the superintendent, who, as he says, told him that he would get him a steel guard. Trusting, he says, in the promise of a new steel guard he continued to work at the machine for ten days thereafter without attempting to adjust it to the machine. All that was required to adjust the guard to the machine in its new place was to saw off a few inches from the sides resting on the foundation, a work which required neither skill nor training, and which any one qualified to install and operate such a machine could readily do. Instead of making this change in the cover, he chose to be indifferent about the cover, and ran his machine unguarded until he met with his injury. Here was an experienced man, of mature years, perfectly familiar with the machine he was working on, with full knowledge of the danger that attended its running, furnished with a guard which had been for two years entirely adequate for his protection, and which now needed to have a few inches sawed off

to adjust it to the new place, preferring to run the machine without guard rather than take the trouble, slight as it would have been, to replace the guard that was ready at his hand. The remark of the superintendent that he would get him a steel guard was not a direction that he should operate the machine meanwhile without the wooden guard with which he had been supplied; and nothing in the remark could be understood as meaning that plaintiff was not to adjust the wooden guard to meet changed conditions. Certainly the man who was capable of doing what was required to dislocate the machine from its original setting, and establish it upon a new foundation, the work of his own hands, in the new plant, was equal to the work of sawing off three inches from the lower part of the guard to restore it to the machine, since the uncontradicted evidence shows that what he failed to do in this respect was afterwards done without the slightest difficulty by the man who was his assistant at the machine, and who after the injury succeeded in his place. It was a clear case of neglect on the part of the plaintiff to use the guard with which he had been furnished. The appeal is from a judgment non obstante. The assignments of error are overruled and the judgment is affirmed.